# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

DARRELL LEE LOPEZ,  ) Case No. CV 10-8131 (SH)  
        Petitioner,  ) MEMORANDUM AND ORDER  
    v.  )  
Warden CASH,  )  
        Respondent.  )

    This matter is before the Court for review of petitioner's challenge to his 2004 conviction of assault by means likely to produce great bodily injury in Los Angeles County Superior Court (Case No. KA065396). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the undersigned magistrate judge. For the reasons stated below, the Petition for a Writ of Habeas Corpus is dismissed without prejudice.

## I. PROCEEDINGS

On October 28, 2010, pro se petitioner, in state custody, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). As best the Court can glean from petitioner's allegations, the Petition alleges the following claims: (1) Petitioner's conviction was the result of a conspiracy; (2) Petitioner's conviction was the result of jury tampering, judicial misconduct and prosecutorial misconduct; (3) Petitioner was denied witnesses ("the sober living owner"), evidence (the house's videos of the incident, the police department videos), and expert witnesses (to prove "horrific" injuries"); (4) Petitioner was denied "requirements to the Disability Act and Religious freedom as well as right to represent myself"; and (5) Petitioner "was denied multiple issues of due process, medical care, and the right to outside communications, and petition the court, etc." (See Petition at 5-6).

On April 5, 2011 (subsequent to the Court's vacating of a Report and Recommendation), respondent filed an Answer to the Petition.

On April 19, 2011, respondent filed a Return to the Petition ("Return"). In the Return, respondent contends that the Petition should be dismissed on the grounds that petitioner had failed to exhaust all claims alleged in the Petition. (See Return at 4-5). Respondent further contends that the Petition should be dismissed because it is time barred. (See Return at 5-6).[1]

Petitioner did not file a Reply.[2]

///
///
///
///
///

---

[1] The Court's determination that all of the claims alleged in the Petition are unexhausted renders it unnecessary to address respondent's time bar contention.

[2] Although petitioner requested an extension of time to file an unspecified pleading (which the Court denied), it was clear from his request and from the myriad of pleadings petitioner either filed or attempted to file in this case that petitioner did not intend on addressing respondent's exhaustion contention.

## II. DISCUSSION

### A. Dismissal of the Petition is warranted based on unexhausted claims.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 179 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State. See 28 U.S.C. § 2254(b)(3); Reutter v. Crandel, 109 F.3d 575, 577-78 (9th Cir.), cert. denied, 522 U.S. 851 (1997)

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

Here, none of the claims alleged in the Petition were presented to the California Supreme Court.[3] Indeed, petitioner admits that he did not present any of the claims alleged in the Petition to the California Supreme Court. (See Petition at 7 ["None of the above were presented"]). Accordingly, the claims alleged in the Petition are unexhausted and the Petition is properly dismissed without prejudice.

---

[3] Petitioner apparently did not file any pleadings with the California Supreme Court. (See Petition at 3; Return at 4).

### III. ORDER

IT IS ORDERED that the Petition be dismissed without prejudice to refiling after exhaustion of state remedies.[4]

DATED: May 18, 2011

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] This dismissal does not relieve petitioner from complying with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, with respect to any future habeas petitions filed in this Court.